RECEIVED
OCT 3 - 2016
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK --------------------------------------------X

ROBERT GOLDRING

Plaintiff

COMPLAINT
UNDER THE CIVIL RIGHTS Act, 42 U.S.C. 1983

-against-

CV 16- 5651

JURY TRIAL DEMANDED

CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; William Daullivan, Detective #902153; Daru Donawa, Detective, Shield#7916, Individually and in their Official Capacitis; BARRY WEINRID, Deruty Bureau Chief; RICHARD A. BROWN, DISTRICT ATTORNEY, QUEENS COUNTY, Individually and in their Offical Capacities, MANOHER VANUKRISHNAN, Doctor, Jamaica Hosital, Individually and in His Official Capacity.

MATSUMOTO, J.

BLOOM, M.J.

Defendant
--------------------------------------------X

Plaintiff ROBERT GOLDRING, Electing/Acting in the capacity of a pro-se Plaintiff.

PRLIMIARY STATEMENT

1. Paintiff bring tis action for compensatory demages, punitve damges and attorney's fees pursuant to U.S.C. 1983, for Violation of his Civil Rights, Destroying Exclpotory Evidence, Malicious Prosecution, Extra-jdicial conspiracy, Fabricate Expert Testimony, Denied a fair trial, False confinement, as said Rights are secured by said statutes and the Constitutions of the States of New York and the United States.

JURISDTCION

2. This action is brought Pureuant to 42 U.S.C. 1983 and U.S.C.1986. 1988, of Fourth, Fivith, Sixth, Eighth and Fiurteenth Amendments of the United States Constitution, Jurisdtcion is founded upon U.S.C. 1331. 1343 and 1367.

VENUE

3. Vanue is properly laid in the Eastern District of New Youk Under U.S. C. 1391 (b) in that this is the District in which the claim aros.

JURY DEMAND

4. Plaintiff respectfully demand a trial by jury of all ossues in this matter Pureuant to Fec R. CIV, P 38 (b).

PARTIES

5. Plaintiff ROBERT GOLDRING,is an 62 African-American male and a United States Citzen, and has been at all relevant times a resident of the County of Queens, and State of New York.

6. Defendant, THE CITY OF NEW YORK, was and is a municipal Corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authorityand/or polic Department authorized to perform all function of a police Department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal Corporation, The City of New York.

8. At all times hereinafter mentioned,,the individually named defendants, (Dt) Daru Donawa, #7916, and (Dt) William Osullivan, Tax#90215, duly sworn Police Detectives of the 105 precint, Queens County, of said Department and were acting under the supervision of said department and accordingto to their official duties.

9. At all times hereinafter Defendants, Richard A. Brown, District Attorney, Queens County, And Barry Weinrd, Deruty Bureau Chief; the Queens County Distict Attorney's Office (hereinafter refer to as QDAO) policy or practice of failing to properly train, supervis and discipline the Assistant District Attorney's, Franchesca Fernandez,(hereinafter, ADA)either peronally or through thir employess, that employed, Manoher Vanukrisnan, a Doctor form Jamaica Hospital, (Hereinafter, Dr. Vanuk) His willingness to fabricat unreliable expert testimony, were acting under color of State Law and/or in compliance with the official rules, regulation, laws, statuts, custom, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the Defendants alleged herein, (claims for negligence, failure to disclose exculpatory material, submitted fals information that constituted actionable malicious prosecution) were done by said Defendants whil acting within the scope of their employment by Defendants, THE CITY OF NEW YORK.

11. Each and all of the acts of the Defendants, alleged herein, (knowingly destroyed exclpatory evidence, conspiracy, and presented fals, and missleading fabricated testimony, violated Plaintiff's Constitutional right) were done by said defendants while acting in futherance of employment by Defendants,the CITY OF NEW YORK.

## STATEMENT OF FACTS

12. On or about November 2, 2010. at approximately 9:00 pm, Plaintiff, ROBERT GOLDRING, was lawfully present in B and B liquar store, located at 145-107 Guy Brewer, Queens Counry, and state of New York. At the aforesaid time and place Defendant, Dt. Donawa, approached Plaintiff, and ask did he see a incident concering a man being struck upon the head with a "crow-bar" Plaintiff said No.

13. It was reported that the complainants were interviewd by or in the presence of defendant, Dt. Donawa, specifically, he meet with and inteviewed Kimberly Knight, numerous of time after the alleged incident and before her husband became conscious. His blood alcohol level was .18, twice the state limit. Defendant Donawa, took and kept notes of the inteviews and leter transcrided in some from, at least a portion of the notes into DD5's under the supervision of Defendant, Dt, William Osullivan.

14. On or about November 4th, 2010. Plaintiff ROBERT GOLDRING. was arrested by defendant Donawa, at his home, 145-90 179th St. Queens N.Y. and "malicously charged Plaintiff on official police Department, complait forms, with Assa, in the 1st. Assa, in the 2nd (2 counts) Assa, in the 3ed ( 2 counts) and Crminal possession of a weapon in the 4th. (Plaintiff's Exhibit A) the Acusatory Inastrument, was signed by Defendant, Dt. Donawa, Pursuant to PL. 210.45. false statements, a class A Misdemeanor.

15. At no time did Plaintiff, Assa,any-one, or posess a weapon, nor did he act unawfally in any way, There was no physical evidence at the scene of the crime to link the Plaintiff to the crime.

16. Defendant, Dt. Donawa states in the Acusatory Inastrument, that he is informed by the comlaintants, George Wirt, that on Novmber 2,2010. at 145-107 Guy Brewer Blvd, Queens County, that Plaintiff approached from the rear and struck the complainant, Wirt on the back of his head with a crow-bar, causing his to loose consciousess. Defendant Donawa, further states, that he is informed by the complainant, Kimberly Knight, that she then threw hereslf on top of her husband, to which the Plaintff struck the complainant Knight, on the right side of her head and the left thigh, with the above mentioned "crow-bar".

(Parenthakical nunbers without a ppefix refer to the Transcipts that was use for the Appallate Brief). at.()

17. The fals malicious accusation in the Accuatory Instrument, was contradicted by Knight, in the April 27,2011. Grand Jury praceeding's At. (M.K. 16;17) and at the trial, at. (T.537) of the fabrication, that she threw herself on top of her husband and was struck with a crow-bar. Defendant Dt, Donawa.

18. On September 23rd, 2011. an in-court identification hearing was held, whereupon, the ADA Fernandez called Defendant Dt. Donawa as a witness, that had taken hand-written notes, in his spiral notebook, and interviewes he had with the two alleged complainants. At this point, it was learned that, defendant, Dt. Donawa did'nt have with him siad notes or the case file. On October 6, 2011. doing the proceedings, at. (t. 3) The Cort: When we left off last time we had sent the detective back to get the police reports. ADA, Ms. Fernandez: Thank you Judge, his file has been "shredded". See, Plaintiff's (Exhibit B.)

19. On or about March 13, 2012. a Roserio hearing was held, Defendant Dt. Donawa was only able to assume that his memory was accurate as the items papers, notes, and/or other police documents, inclding but not limited to, DD5's follow up reports, and those of several other Detictives who had been assisted to investigate the case, in total, were destroyed. The destruction of those items was further acknowledged in an extensive colloquy by the ADA, with Counsel and the Court. Amittedly, the QDAO relied on defendant, Dt. Donawa to presrve and produce the NYPD case file.

20. Upon the revelation of the shradded Rosario material, and Plaintiff's por se motion, on Rosario and Brady, violations, to preclude the testimony of George Wirt, Kimberly Knight, and Defendant, Dt. Donawa. The Court, on March 14, 2012. based on defendant, Dt. Donawa's loss of the case file and handwritten noted, geated for santion to the exent that an adverse inference charge will be given to the jury to disrege Donawa's testimony. See Plaintiff's (Exhibit C.) The ADA refusd to call Defendant, Dt. Donawa to testify.

21. On March 19-23, 2012. the case was triad, in the County of Queens, and the Defendant's QDAO submitted Knight as the allege victim and witness, However, a examination of Knight"s Hospital records reveal that there was no evdence of internal or external wounds that she was hit in her face or head with a crow-bar or pipe.

Additionally, the QDAO, was aware that Knight had submitted fals and mislending trstimony in a unrelted Grand Jury proceedings., at (t. 143-4).

22. George Wirt was actually arrest in the Hospital on or about November, 2, 2010. for being in violation of a full order of protection that was in effect as of that date and on or about November 15, 2010. he appeared in front of Judge Ricidi, Queens County, Criminal Court to answer to the charges of contempt of Court, at (t. 652-3). Wirt was released from Court, hourver, on the night of November 15, 2010. Wirt disobeyed the order of protection again, at. (t. 656-7) and was sentenced to 90 days in jail as a result. Similarly, On or about April 12, 2011. Wirt was convicted in Queens County, for disobeying the order of protection, and sentenc to ninety 90 days in jail, at. (t. 617).

23. In exchange for his testimony, Wirt was allegedly , given immunity with respect to the order of protection violation, that was in effect March 25, 2010. until March 24, 2011, See Plaintiff's (exhibit D) for (exlra-judicial conspiracy) here, Pursuant to a cooperation agreement with Defendant's QDAO, and signd by ADA Fernadez and defendant, Barr Weinrg, it was agee that Wirt was not to be prosecuted for any contect with Knight on November 2, 2010. for his testimony in this case. It is clear and convincing evidence that Wirt entered a plea of guilty, at (t. 596;652-3) in violation of the order, and was sentence to 90 days in November 15, and April 12, 2011. at. (t. 617).

24. Doing the trial of March 21, 2012. ADA Fernadez, submitted Dr, Venuk, as a expert witness and the treating physician, with the Hospital records, People's Exhibit 4. His testimony is that he worked as a physician at Jamaic Hospital, and assigand to the Neurosurgery Depertment, and basically exaluat all trame patient the come in with neurosugicla issues, at. (T.819;820). Dr. Venuk testified that he trated and disgnosised George Wirt on November 2, 2010. in the emergency room, and his stay at Jamaica Hospital, at. (t. 822-3;824).

25. A physicians signature in the Hospital records certifies that the physician's services were personally rendered by him or under his personal direction. However, Each claim submitted by Defendant, Dr. Venuk, that he treated or disgnosis the compleinant Wirt, in not supported in the Hospital records, (t.822-3;828;830;850;854;864) and ADA Fernadez stood silent and did nothing to expose the lie. See Plaintiff's (exhibit E) the medical record signature sheet.

26. Defendant, Dr. Venuk's testimony is that he is assigand to the Neurosurgery depertment, at. (t. 864) Mr. Siff: Did you actually examine Mr. Wirt, you his body, or did you deal with his neuroloac al issues. A: This is neuosugery, See Plaintiff's (Exhibit"s F) the Neurosurgery report signed by Dr. J. Milles, as the treating physician. The transcripts reveals, there was no stipulations of the treating physician's unavailbility, of Dr. Johson Rihards, and Dr. Frctwill Kenneth, that signed the Hospital records and report. The Sixth Amendment's Confrontation Clause, confers upon an accued in all criminal prosecutions the right to be confronted with the witnesses against him.

27. The ADA relied on Wirt's testimony that Plaintiff struck him with a pipe in his right hand and on Dr. Venuk's explanation that Wirt was injured when he was allegedly hit by a right-hand, (Wirt: 705; Dr. Venuk: 847-8) The jury had before it evidence showing that Plaintiff, allegedly ussed his right hand to strike Wirt, and no evidence that Plaintiff is left-handed and could not have caused Wirt's injuries.

28. As a result of the forgoing, on March 23, 2012. the jury acquitted Plaintiff, of first degree Assault and Assault in the second, as to Knight, do to admission of perjurious testimony at the Grand Jury, but convivted him of second degree Assault, and fourth degree weapon possession, as to Wirt, Plaintiff was sentence to seven years, and five yeaes post-release supervisior inter alia, mental anguish, depression, excessive confinement, homelessnes, and deprivation of his Contitutional Rights.

29. In a decision dated November 12, 2015. The Appellate Division-Second Department, ordered that the judgment is reversed, (People v. Goldring, 133 A.D.3d 694) Defendants QDAO file leave to appeal on December 8, 2015, and was denied on Mrach 16, 2016. Plaintiff submitted a <u>pro se</u> Motion on December 12, 2015. pursuant to CPL. 190.30 and 210.20, in violion, to warrant the return for a new trial. See Plaintiff's (Exhibit G)

FIRST CLAIM FOR RELIEF
<u>DERIVATION OF FRDERAL RIGHTS UNDER 42 U.S.C. 1983</u>

30. Plaintiff repeats, reiterates and reallegs each and rvery allegation contained in paragraphs numbered "1" through "29" with same force and effect as if fully set forth herein.

31. All of the aforementioned acts of Defendants, their agents, servants, and empoyees, were carried out under the color of law.

FIRST CLAIM FOR RELIEF
DERIVATION OF FRDERAL RIGHTS UNDER 42 U.S.C. 1983

32. Plaintiff repeats, reiterates and realleges each and rvery allegation contained in paragraphs numbered "1" through "31" with same force and affect as if fully set forth herein.

33. Allof the afforementioned acts of Defendants, their agents, servants and empoyees, were carried out under the color of law.

34. All the aformentioned acts deprived Plaintiff ROBERT GOLDRING, of the rights, ptiveges and immunities guaranteed to Citzens of the Fourth, Fivth, Sixth, and Fourteeth Amendments of the United States of America, and in violation of 42 U.S.C. 1983, 1986, and 1988.

35. The acts complained of were carried out by the aforementioned Defendants gross negligence and deliberate indiffernce, in their capacties as Police officers/Detective's with all the actual and or appacent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned indiv-dual Defendants in their capacities as Police officers, pursuant to the cusrome , usages, practice, pracedures, and the rules of the City of New York and the New York City Police Department,, all under the supervision of rank-ing officers of said, Department.

37. Defendants collectively and indivdually, while acting under color of state law, engeged in cinduct which constituted a custom, usage, practice, procedure or fule of the respective municality/authority, which is forbidden by the Constitution of the United States.

SECOND CLAIM FOR RELIEF
MALICTOUS PROSECUTION UNDER 42 U.S.C. 1983

38. Panitiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants misrepesented and falsified evidence before the Queens County Districe Attorney's Office. Defendants did not make a complete and full statement of facts to the Queens County, Districe Attornay's Office.

40. Defendants were directly and actively involved in the initiation of Criminal Proceeding against Plaintiff ROBERT GOLDRING, as a reselt, excessive confinement.

41. Defendants acted walice, and were actively involved in the continu-ation of Criminal Proceeding against Plaintiff ROBERT GOLDRING.

42. Defendants were directly and actively incolved in the destruction of exculpatory evidence, denied a reasonable possidility, and milicious prosecution as it relats to every major contested issue in the case against Plaintiff ROBERT GOLDRING.

43. As a result of the foregoing, Plaintiff's libety was restricted for an extended period of time, incarcerate unlawully for six years, homeless, mental auguish, depression, and deprivation of his Constitutional Rights.

THIRD CLAIM FOR RELEF
DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
UNDER 42 U.S.C. 1983

44. Plaintiff reiterates and relleges each and every allegation cintained in paragraphs "1" through "43" as if the same were more fully set forth at length herein.

45. Defendants created false evidence against Plaintiff ROBERT GOLDRING, Specifically, Defendants falsely alleged Plaintiff struck the complainants with a pipe.

46. Defendants "blatantly careless" manner in with the QDAO agents failed to preserve evidence to which the Plaintiff was entitled to have for trial, was prejudicial.

47. Defendants misrepresented and had a high duty to diligently preserve and disclose material that they know was needed in litigation of the matter, and thereafter, extra-judicial conspiracy, providing fals testimony throughout the criminal proceedings.

48. Defendants denied Plaintiff ROBERT GOLDRING, the ability to confront his accusers, and develop a defense strategy through cross examination of fales testimony, and acted with malice throughout the criminal proceedings.

49.Defendants policy or practice of failing to properly train, supervise and desciplin the ADA's, which failure to safegar and disclose exculpatory evidence, in addition, perjury befor a grand jury, submitting Dr. Vauk, with false testimony, violation of right to due process, denied a fair trial, equal protection of the laws, misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Plaintiff repenats, that these violation of his constitutional rights were directly and poximataly cacsed by the gross negligent supervision, and deiberate indifference of the City of New York, New York City Pilice Department; the capioned supervisory officials in the NYPD; the NARCOTICS trials

Bureau Prosecutor, Barry Weinrib, Of Queens County, The Queens County District Attorney, Richard A. Brown and his office in trining of the assistant district attorney's is a adminstratioe function as supervising their respective staffs.

52. Defendant's gross negligence, and deliberate indfference, for the purpose of depriving, either directly or indirectly, any person or class or persons of equal protection of the laws, or equal privilges and immunitie under the laws.

53. § 1986 provides a cause of action against anyone who having power to prevent or aid, neglects to do so, that present and did prsent fals testimony destroyed exclpotory evidence, extre-jdicial conspiracy, denied Plaintiff's his right to confront and obtain witnesses, malicioue prosecution, and violated his Constitutional right to a fair trial under the Due Pricess Claus of the Fivth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

54. Section 1983, which derives from 1 of the Civil Rights Act of 1871, 17 stat. 13, crestes a private right of action to vindicate violatins of rights privileges, or immunities secured by the Constitution and Law's of the United States. Under the terms of the statuten every person who acts under color of state law to deprive anther of a Constitutional Right is answerable to that person in a suit for damages. As incarcerate unlawully for six years, mental auguish, depression, excessive confinement, homelessne and deprivation of his Constitutional Rights

55. A municipality is liable for failure train, supervis and disciplin its Police offices and ADA's where the Plaintiff proves that the municipalit acted reckessly, intentionally or with gross negligence and the lack of training was so reckless or grossly negligent that deprivation of person's Contitutional Rights was substantially cerain to result, that the policymake of the City can reasonably be siad to have been diliberately indifferent to the need. See Exhibit's A.B.C.D.E.F.G.

RELIEF TO BE GRANTED

56. All of the forgoing acts by Defendants deprived Plaintiff, ROBERT GILDRING, of federally potected Rights, including, but not limited to the Right:

    i. Not to be deprived of liberty without
       due process of law.

   ii. To confront his accusers, and witnesses
      against him.

  iii. To be free from unwarranted and malicious
     criminal prosecution.

 iiii. To be free from cruel and unusual Punishments
    inflicted.

iiiii. To receiv equal protection under the law.

57. As a resualt of the forgoing, Plaintiff, ROBERT GOLDRING, is entitled to Compensatory demages in the sum of four million dollers ($4.000.000.000) and is firthee entitled to Pumitive demaes against the inivdual Defendants in the sum of two hundred thouand dollers ($ 200.000).

WHEREFORE, Plaintiff, ROBERT GOLDRING, demends judgment in the sum of four million dollers ($4. 000.000.000) in Comperatory demages, and two hundred thousand dollars ($. 200.000) in Puitive demages, plus Attorney's fees ciste, and disbursements of this action.

9/22/2016
Date

RESPECTFULLY SUBMITTED

ROBERT GOLDRING, Plaintiff.

Q10666237

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

EXHIBIT A

THE PEOPLE OF THE STATE OF NEW YORK

v.

ROBERT J GOLDRING
DEFENDANT

STATE OF NEW YORK
COUNTY OF QUEENS

DETECTIVE DARU DONAWA OF QNS DET AREA 105, TAX REG#: 918962, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT NOVEMBER 2 2010 AT ABOUT 3:30PM, IN FRONT OF 145-88 BREWER BOULEVARD, COUNTY OF QUEENS, STATE OF NEW YORK

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 120.10-1 ASSAULT IN THE FIRST DEGREE
PL 120.05-2 ASSAULT IN THE SECOND DEGREE (2 COUNTS)
PL 120.00-1 ASSAULT IN THE THIRD DEGREE - DNA SAMPLE REQUIRED UPON CONVICTION (2 COUNTS)
PL 265.01-2 CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE

IN THAT THE DEFENDANT DID: WITH INTENT TO CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR A THIRD PERSON BY MEANS OF A DEADLY WEAPON OR DANGEROUS INSTRUMENT;WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR A THIRD PERSON BY MEANS OF A DEADLY WEAPON OR A DANGEROUS INSTRUMENT;WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR A THIRD PERSON;POSSESS A DAGGER, DANGEROUS KNIFE, DIRK, RAZOR, STILETTO, IMITATION PISTOL, SHIRKEN OF KUNG FU STAR OR ANOTHER DANGEROUS OR DEADLY INSTRUMENT OR WEAPON WITH INTENT TO USE THE SAME UNLAWFULLY AGAINST ANOTHER PERSON

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, GEORGE WIRT, THAT ON THE ABOVE MENTIONED DATE, TIME AND PLACE OF OCCURRENCE, WHILE STANDING AT SAID LOCATION WITH HIS WIFE, KIMBERLY KNIGHT, THE DEFENDANT, ROBERT GOLDRING, APPROACHED FROM THE REAR AND STRUCK THE COMPLAINANT, GEORGE WIRT, ON THE BACK OF HIS HEAD WITH A CROW BAR, CAUSING THE COMLAINANT TO LOOSE CONSCIOUSNESS AND TO FALL TO THE GROUND.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT. KIMBERLY KNIGHT, THAT SHE THEN THREW HERSELF ON TOP OF HER HUSBAND AND STATED TO THE DEFENDANT, "YOU WOULDN'T HIT A GIRL WOULD YOU? " TO WHICH THE DEFENDANT REPLIED, "HELL, YEAH BITCH", AND STRUCK THE COMPLAINANT, KIMBERLY KNIGHT, ON THE RIGHT SIDE OF HER HEAD AND ON THE LEFT THIGH WITH THE ABOVE MENTIONED CROW BAR, CAUSING THE COMPLAINANT TO SUFFER SWELLING TO THE FACE AND TEMPLE AREA AND SUBSTANTIAL PAIN.

GOLDRING, ROBERT J Q10666237

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT, KIMBERLY KNIGHT, THAT BOTH HERSELF AND HUSBAND WERE TRANSPORTED TO A LOCAL HOSPITAL, WHERE THE COMPLAINANT KNIGHT, WAS TREATED FOR SWELLING TO THE FACE AND TEMPLE AREA AND HER HUSBAND HOSPITALISED IN AN UNCONSCIOUS CONDITION.

DEPONENT ALSO STATES THAT HE INTERVIEWED AN ATTENDING PHYSICIAN OF THE LOCAL HOSPITAL WHERE DEFENDANT, WIRT, IS HOSPITALISED, AND WHO DIAGNOSED THAT THE COMPLAINANT IS SUFFERING FROM A FRACTURED SKULL.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW

11/4/10

DATE SIGNATURE

SWORN TO BEFORE ME ON THE DAY OF

DATE SIGNATURE

EXHIBIT B

MR. SIFF: Let's do it.

THE COURT: 24th?

MS. FERNANDEZ: Okay.

THE COURT: When we left off last time we had sent the detective back to get police reports.

MS. FERNANDEZ: Thank you. Judge, his file has been shredded.

THE COURT: I thought you ought to know that.

MS. FERNANDEZ: I'm sorry --

MR. SIFF: I'll ask for a blanket adverse on this whole case.

THE COURT: Sit there and think about it.

In the interim, I believe you located your complainant?

MS. FERNANDEZ: Yes. As I informed Mr. Siff he's currently incarcerated.

MR. SIFF: Understand.

THE COURT: Where is Mrs. Complainant?

MS. FERNANDEZ: I did contact her; she wasn't available to come in today because she had a Family Court proceeding.

THE COURT: Is she a petitioner or respondent?

MS. FERNANDEZ: I'm not sure. My inclination is she's a respondent.

THE COURT: This should be fun.

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY, CRIMINAL TERM, PART K-23
125-01 QUEENS BOULEVARD, KEW GARDENS, NEW YORK 11415

EXHIBIT C

PRESENT:

HON. JOEL L. BLUMENFELD, Acting Justice

-----------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

- against -

ROBERT GOLDRING,

Defendant.

-----------------------------------------------------------x

INDICTMENT NUMBER: 1049-11

MOTION: In limine for sanctions for loss of Rosario material and possible Brady material

For the reason stated on the record and after a hearing conducted on March 12, 2012, March 13, 2012 and on this date, defendant's motion in limine for sanctions based on Detective Daru Dawana loss of the case file and handwritten notes in his spiral notebook regarding this case is granted to the extent that an adverse inference charge will be given to the jury and denied as to the request that the two complaining witnesses be precluded from testifying.

The Clerk of the Court is directed to enter this Order. IT IS SO ORDERED.

DATE: March 14, 2012
Kew Gardens, New York

JOEL L. BLUMENFELD,
Acting Justice of the Supreme Court

EXHIBIT DI

time range, right?

A Correct.

Q On that night of November 15, 2010 you didn't call the police on him for coming into the house, punching holes in the wall, pushing your head into the wall and choking you with a stick?

A I called the police.

Q You called the police that exact day, that night?

A Yes.

Q Did they come?

A Yes.

Q Did they tell you he was a figment of your imagination then too?

A No.

Q Now, in fact on November 15, 2010, George had appeared in front of Judge Ricidi in front of Criminal Court in this building to answer charges of contempt of the court for disobeying the order of protection against you?

A I don't remember. I wasn't in court.

Q You remember as a result of this November 15 incident he was sentenced to 90 days; isn't that true?

A I don't recall that.

Q Do you recall that when George came to the house on 11/15, 2010 at around 11:30 p.m. that he was drunk?

A Yes.

EXHIBIE D2

DISTRICT ATTORNEY
QUEENS COUNTY
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568

Richard A. Brown
District Attorney

(718) 286-6000
www.queensda.org

**Agreement Not to Prosecute
Between the Office of the Queens County District Attorney
And GEORGE ORTIZ-WIRT
Rights and Responsibilities**

Dated: March 13, 2012

Subject: George Ortiz-Wirt
Attorney: Joel Schmidt, Esq.
The Legal Aid Society
120-46 Queens Boulevard
Kew Gardens, NY 11415

Dear Mr. Schmidt:

This letter confirms the agreement entered into between the Office of the District Attorney of Queens County [hereinafter: the District Attorney] and your client, George Ortiz-Wirt. It is agreed that the District Attorney will not prosecute your client for any contact he had with Kimberly Knight on November 2, 2010, which was in violation of a full order of protection that was in effect as of that date. More specifically, said order was issued in the Criminal Court of the City of New York, County of Queens by the Honorable Melendez on March 25, 2010 and was in effect until March 24, 2011 under Docket No. 2009QN035814. It is agreed that no other agreement or promises have been made to your client except for that which is outlined above and specifically this agreement applies only to the date of November 2, 2010 and no other date.

No alteration to this agreement will be valid unless in writing and signed by the Assistant District Attorney(s) assigned to the prosecution of the case entitled the People of the State of New York vs. Robert Goldring, Indictment No. 1049/2011 and no promises may be made to George Wirt other than by the Assistant District Attorney(s) assigned to the prosecution of the aforementioned case.

EXHIBIT D2

Assistant District Attorney
FRANCHESCA FERNANDEZ

Barry Weinrib
Deputy Bureau Chief,
Narcotics Trials Bureau

I, George Ortiz-Wirt, have read this letter and discussed it with my attorney, Joel Schmidt, Esq., who has explained it to me. I hereby acknowledge that it sets forth my entire agreement with the Office of the Queens County District Attorney. There have been no other promises or representations made to me by any person in connection with this matter. I agree to the above terms and conditions.

Dated: March 13, 2012
     Kew Gardens, New York

GEORGE ORTIZ-WIRT

Dated: March 13, 2012
     Kew Gardens, New York

Joel Schmidt, Esq.
Attorney for ~~DARNELE BLACK~~ George Ortiz-Wirt

Juliette-Noor HAJI
Attorney for ~~Darnele Black~~ George Ortiz-Wirt

EXHIBIT E

JAMAICA HOSPITAL MEDICAL CENTER

8900 Van Wyck Expway, Jamaica, N.Y. 11418

WIRT, GEORGE
M/R: 1327058[redacted]
DOB: [redacted] M
PT#: 850106881
F/C: 10 S
ADM: 11/02/2010 17:51 003C SICU 04
FRETWELL, KENNETH R SURG

## Medical Record Signature Sheet

**To All Healthcare Providers:**

The ***first time*** you document in the chart, please print your full name and title, include your signature on the line next to it, your service/department, and your initials in the third column.

| | | | |
|---|---|---|---|
| Pamela Berman, RD | Pamela Berman RD | Nutrition | PB |
| [illegible] | [illegible] | SW | [illegible] |
| MARIE [illegible] | [illegible] | NS 8 | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | 3N | [illegible] |
| Marie Jimenez [illegible] | [illegible] | 3 North | MJ |
| [illegible] | [illegible] | NS 8 | [illegible] |
| SHIRLEY PETERS | Shirley Peters | NS 4 | [illegible] |
| Bailee Phenix RD | Bailee Phenix | Nutrition | [illegible] |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

9/98

FORM # 264

# NEUROSURGERY
## Consultation Report

**JAMAICA HOSPITAL MEDICAL CENTER**
8900 Van Wyck Expressway, Jamaica N.Y. 11418
*Division of Neurosurgery*

EXHIBIT F
WIRT, GEORGE
M/R: 1327058 PT#: 850106881
DO[redacted] M F/C: 10
ADM: 11/02/2010 16:22 081X
STAFF, PHYSICIAN

**Date of Request:** 11/2/10 **Requesting Physician:**
**Reason:** **Service:** Trauma
**Patient Name:** Wirt, George **Age:** 28 ● Male ○ Female
**Trauma Notification:** ● Yes ○ No

**Brief History:** 28 y/o male s/p assault hit on the head c a pipe allegedly brought to the ER Awake patient OX3 pt. is ETOH intoxicated

**Pertinent Medical/Social History:** PMH: ∅ Med ∅ Allergies: NKDA

**Medications:**

**Neurologic Exam:**

1. **GCS:**

| Eyes: | Motor: | Verbal: |
|---|---|---|
| ~~○ (4) Open~~ | ● (6) Obeys | ● (5) Oriented and Converses |
| ● (3) Open to Voice | ○ (5) Localizes Pain | ○ (4) Disoriented, Converses |
| ○ (2) Open to Pain | ○ (4) Flexion - Withdrawal | ○ (3) Inappropriate Words |
| ○ (1) No Response | ○ (3) Flexion - Abnormal | ○ (2) Incomprehensible Sounds |
| | ○ (2) Extension | ○ (1) No Response |
| | ○ (1) No Response | |

**Total Score:** 14

2. **Pupils:** ● Normal 3x3 mm reactive
   ○ Asymmetric
   ○ One Dilated (> 4mm)
   ○ Both Dilated (> 4mm)

3. **Sensory:** Present (P) or Absent (A)

| | | Right | Left |
|---|---|---|---|
| Hearing: | | P | P |
| Sight | | P | P |
| Extremities: | Upper | P | P |
| | Lower | P | P |

Pain: ○ No ○ Yes Location: Score (1-10):

4. **Motor:**

| | | Right | Left |
|---|---|---|---|
| Cranial: | Extraocular movement | NL | NL |
| | Facial movement | NL | NL |
| Upper Extremity: | UE Deltoids: | 5/5 | 5/5 |
| | UE Biceps: | | |
| | UE Triceps: | | |
| | UE Handgrip: | | |

**JAMAICA HOSPITAL MEDICAL CENTER**
8900 Van Wyck Expressway, Jamaica N.Y. 11418
*Division of Neurosurgery*

M/R: 1327058 PT#: 850106881
DOB: [redacted] M F/C: 10
ADM: 11/02/2010 16:22 081X
STAFF, PHYSICIAN

EXHIBIT F

4. Motor: Continued...

Lower Extremity:

| | Right | Left |
|---|---|---|
| LE Extension: | | |
| LE Flexion: | | |
| Foot Dorsiflexion | 5/5 | 5/5 |
| Foot Plantar Flexion | | |

Head CT scan: O Normal ● Abnormal

small amount of blood [illegible] small [illegible] along the [illegible] leaf of the tentorium

Description:

0 mm shift ● none O left to right O right to left
O Basal Cisterns: ● Open O Partial Open O Closed
O IVH: ● No O Yes O Right O Left
O SAH: O No ● Yes O Right ● Left
O Epidural: ● No O Yes, <1cm. O Yes, >1cm. O Right O Left
O Subdural: O No ● Yes, <1cm. O Yes, >1cm. O Right O Left
O Parenchymal: O No O Single O Multiple
O Hydrocephalus: O Location left leaf of tentorium

Spinal: O C-Spine O X-Ray O Fracture (s) Level:
O Thoracic O CT Scan O Subluxation Level:
O Lumbar O MRI O Compression Level:
O Other O Other

Impression Houseofficer: 28 y/o male [illegible] intoxicated [illegible] alleged [illegible] GCS 15 Head CT small [illegible] leaf of tentorium

Impression Attending: D/W Neurosurgery attending

Plan Houseofficer: No Neurosurgical intervention
[illegible] Admission
Hourly Neurocheck

Plan Attending: F/u Head CT [illegible] AM

Print Name: [signature] Dr J Miller
Signature: [signature] 11/2/10

Houseofficer, Neurosurgery Date Attending, Neurosurgery Date

EXHIBIT G

AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
ss:
COUNTY OF BRONX )

I, ROBERT GOLDRING, being duly sworn, deposes and says:

That I have on this 12 day of DECEMBER 2015 placed and submitted in the postal in the New York City Correctional Facility known as RNDC 11-11 Hazen Street Elmhurst, N.Y. 11370. Notice of Motion, with Affidavit, and statement of facts and memorandum of law, to be duly mailed via the United States Postal Service to the following parties in the above action:

To:

Richard A, Brown
District Attorney, Queens County
125-01 Queens Blvd,
Kew Gardens, N.Y. 11415

Respectfully Submitted

[signature]
Robert Goldring

Sworn to before me this
12TH day of DECEMBER 2015

[signature]
NOTARY PUBLIC

DANIELLE STRINGER
Notary Public State of New York
No 01ST6131234
Qualified in Queens County
Commission Expires August 1, 2017

EXHIBIT G

Form: Robert Goldring 8951501998
R.N.D.C.
11-11 Hazen Street
East Elmburst" N.Y. 11370

People v. Golderig
Ind No. 1049/2011

To. Hon. Joel L. Blumenfeld
Suprem Court" Queens County K-23
125-01 Queens Blvd Kew Gardens; N.Y. 11415

January 12, 2016

Sub: Request That the Court make inquiry and ascertain whethe defense Counsel is aware of pro se Motion, and decision to adopt or amend, and if not, state his reasons for the record.

Dear, Honorable Blumenfeld:

PLEASE BE KINDLY ADVISED, that on December 12, 2015. I Robert Goldring, the Defendant submitted to this Court, K-23 a pro se Motion to dismiss a defective Indictment that was used in my trial, against me, pursuant to CPL 190.30 (3) (6) and 210.20 (1) (c) (i) on the grounds of insufficient evidence before the Grand Jury that was misleading, inadequate and illegal; Thus, in violion of the Constitutional Rights of the Defendant, to warrant the return for trial.

However, Defendant is requesting that his defense attoney, Mr. Kenneth Deane, of the Queens Law Associates, adopt his pro se Motion, and if not, state his reasons on the record, to discusse its contents in the present matter of his option and decision for the merits of the instant Motion.

Genuinely, I am grateful of this extended request, Your time and effort that you spend in assisting me in this matter of mine will be kindly and sincerely appreciated.

Respectivel Submitted

Robert Goldring 8951501996

To: Richard A. Brown
District Attorney, Queens Cunty

To: Kennth Deane
Queens Law Associates
118-21 Queens Blvd, Suite 212
Forest Hills, N.Y. 11375