```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT GOLDRING,

                    Plaintiff,
                                                    MEMORANDUM AND ORDER

          -against-                                 16-CV-5651 (KAM)(LB)


DARU DONAWA, and WILLIAM O'SULLIVAN,

                    Defendants.
----------------------------------------X
```
**MATSUMOTO, United States District Judge**:

On October 3, 2016, *pro se* plaintiff Robert Goldring ("Goldring") commenced this action against defendants the City of New York; the New York City Police Department; District Attorney of Queens County, Richard A. Brown; Deputy Bureau Chief, Barry Weinrib; Dr. Manoher Vanukrishnan; Detective William O'Sullivan; and Detective Daru Donawa, pursuant to 42 U.S.C. §§ 1983, 1986, and 1988, alleging malicious prosecution and denial of his right to a fair trial. (ECF No. 1, Complaint ("Compl.").) On April 24, 2017, the court *sua sponte* dismissed the Sections 1986 and 1988 claims and claims against all of the defendants except for O'Sullivan and Donawa. (ECF No. 7, April 24, 2017 Order.)

1

Presently before the court is defendants' motion for summary judgment. For the reasons stated below, the court grants defendants' motion.

**BACKGROUND**

The following facts are taken from the parties' Statements of Undisputed Facts Pursuant to Local Rule 56.1, as well as the exhibits cited in and annexed to the parties' motion papers.

**I. Factual Background**

On November 2, 2010, an assailant attacked a man (identified by the initials G.W.) and his wife (identified by the initials K.K.) by striking both of them with a crowbar. (ECF No. 47, Defendants' Statement of Undisputed Facts Pursuant to Local Rule 56.1 ("Def. 56.1") ¶ 1.) The assailant hit G.W. in the back of the head, causing him to lose consciousness, and then hit K.K. after she threw herself on top her husband's unconscious body. (*Id.* ¶ 2.) Both G.W. and K.K. were taken to the hospital for treatment, and G.W. was diagnosed with a fractured skull. (Def. 56.1 ¶ 3; ECF No. 46-2, Criminal Court Complaint.)

On November 2, 2010, K.K. identified plaintiff as the assailant in a photo array, and G.W. identified plaintiff as the assailant in a photo array on November 3, 2010. (Def. 56.1 ¶ 4). Plaintiff was subsequently arrested on November 4, 2010 for

the November 2 assault.  (Def. 56.1 ¶ 5.)  Plaintiff was arraigned the same day on a criminal complaint based on statements from Detective Daru Donawa that charged the following: (i) assault in the first degree for striking G.W.; (ii) assault in the second degree for striking G.W.; (iii) assault in the second degree for striking K.K.; (iv) assault in the third degree; and (v) criminal possession of a weapon in the fourth degree.  (Def. 56.1 ¶ 6; Criminal Court Complaint.)

On May 5, 2011, a Queens grand jury indicted plaintiff on the following charges: (i) assault in the first degree for striking G.W.; (ii) assault in the second degree for striking G.W.; (iii) assault in the second degree for striking K.K.; and (iv) criminal possession of a weapon in the fourth degree. (Def. 56.1 ¶ 7.)

On October 6, 2011, Donawa testified in state court that he did not have the handwritten notes that he took when he interviewed the G.W. and K.K., and the Assistant District Attorney stated that the case file was "shredded."  (Def. 56.1 ¶ 8.)  On March 14, 2012, after a hearing conducted on March 12, 2012, the court granted plaintiff's motion *in limine* "for sanctions for loss of *Rosario* material and possible *Brady* material," noting that an adverse inference charge would be given to the jury based on Donawa's loss of his case file and handwritten notes.  (Def. 56.1 ¶ 9.)

On March 22, 2012, the prosecution dropped the second degree assault charge for the assault on K.K. (Def. 56.1 ¶ 10.) The jury found plaintiff guilty of assault in the second degree against G.W. and criminal possession of a weapon in the fourth degree the next day. (Def. 56.1 ¶ 11.) The jury acquitted plaintiff of the first degree assault charge. (*Id.*)

On November 12, 2015, the Appellate Division of the Supreme Court of New York, Second Department, reversed the judgment and remanded the matter to the Queens County Supreme Court for a new trial due to improper jury instructions regarding plaintiff's intoxication defense. (Def. 56.1 ¶ 12.) On September 6, 2016, on remand, plaintiff entered a plea of guilty to attempted assault in the second degree, a Class E felony, in satisfaction of the charges which were overturned. (Def. 56.1 ¶ 13.)

When the judge taking the plea asked whether plaintiff "intend[ed] to cause physical injury or attempt[ed] to cause physical injury to [G.W.] by means of a dangerous instrument," plaintiff responded "Yes. Yes, sir." (ECF No. 46-6, Ex. F – September 6, 2016 Plea Proceeding at 14-15.) Plaintiff confirmed that no one forced, threatened, or coerced him into taking a plea. (*Id.* at 11.) Plaintiff also confirmed that he understood that he was waiving his right to challenge the conduct of the police officers (*id.* at 12) and that he was

entering into the plea agreement voluntarily and of his own free will (*id.* at 14). Plaintiff also waived his right to appeal. (*Id.* at 13-15.)

On September 21, 2016, plaintiff was sentenced to two to four years in custody, but was given credit for the time that he already served on the case. (Def. 56.1 ¶ 15.) Plaintiff subsequently commenced this action on October 3, 2016. (Def. 56.1 ¶ 16.)

**LEGAL STANDARD**

**I.   Motion for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), "and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "All ambiguities must be resolved in favor of the non-moving party and all permissible inferences from the factual record must be drawn in that party's favor." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). If the moving party can show that "there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party must come forward with specific facts showing that there is a genuine

issue for trial." *Peterson v. Regina*, 935 F. Supp. 2d 628, 634 (S.D.N.Y. 2013) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

To defeat a motion for summary judgment, the non-moving party must identify probative, admissible evidence from which a reasonable factfinder could find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-257 (1986). It "requires the nonmoving party to go beyond the pleadings and by [his or] her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." 477 U.S. at 261 n.2 (citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." 477 U.S. at 248. If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) (citations

omitted). But the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." 477 U.S. at 252.

Where, as here, a party is proceeding *pro se*, the court has an obligation to "read the *pro se* party's supporting papers liberally, and interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). However, a *pro se* party's "bald assertion, completely unsupported by evidence," is not sufficient to overcome a motion for summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

**DISCUSSION**

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).

**I. Malicious Prosecution and Right to a Fair Trial**

Defendants argue that plaintiff's claims are barred by *Heck* because plaintiff's criminal case did not end favorably. (ECF No. 48, Memorandum of Law in Support of Motion for Summary Judgment ("Mem.") at 4-6.; ECF No. 50, Reply Memorandum in Support of Motion for Summary Judgment ("Reply") at 2-3.) Defendants also argue that plaintiff fails prove several elements of a malicious prosecution claim. (Mem. at 6-9; ECF No. 52, Defendants' July 23, 2019 Letter (withdrawing the statute of limitations defense, but retaining the argument that plaintiff's claim fails because he did not receive a favorable termination of his criminal case).)

Plaintiff argues, despite his prior inconsistent statement at his plea hearing, that his guilty plea was coerced and is therefore illegal. (ECF No. 49, Memorandum in Opposition to Motion for Summary Judgment ("Opp.") at 4,31.) Plaintiff argues that there is a dispute of fact regarding the validity of the plea. (*Id.* at 32.)

"[A] plaintiff asserting a malicious prosecution claim under § 1983 must [] show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018). *See also Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) ("In order to prevail on such a [malicious prosecution] claim under both Section 1983 . . . , a plaintiff

8

is required to demonstrate: (i) the commencement or continuation of a criminal proceeding against her; (ii) the termination of the proceeding in her favor; (iii) that there was no probable cause for the proceeding; and (iv) that the proceeding was instituted with malice.") (citation and internal quotation marks omitted)). "In the context of § 1983 malicious prosecution cases, *Heck*'s bar is coextensive with the favorable termination requirement." *Poventud v. City of New York*, 750 F.3d 121, 131 (2d Cir. 2014). A § 1983 malicious prosecution claim is "properly *Heck*-barred (despite the fact that the initial conviction was vacated)" absent a favorable termination and when there is "a valid conviction on [a] lesser crime prevent[s] the court from finding a 'favorable termination.'" *Id.* at 132 (citing *DiBlasio v. City of New York*, 102 F.3d 654, 657 (2d Cir. 1996). *See also McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) ("[F]avorable termination is both relevant and required for a claim analogous to malicious prosecution[.]").

Plaintiff cannot maintain a § 1983 suit based on a conviction that has not already been invalidated on direct appeal, by writ of habeas corpus, or an equivalent. Plaintiff has not received a favorable termination affirmatively indicating his innocence. Plaintiff's win at the Appellate Division did not affirmatively indicate innocence, but indicated that he should be retried with a different jury instruction.

More importantly, plaintiff plea of guilty to a lesser included offense is a valid conviction which prevents this court from finding that there was a favorable termination.

The court grants defendants' motion for summary judgment on the malicious prosecution claim.

**II.　Unfair Trial**

Plaintiff argues that *Brady* violations by defendants denied him his right to a fair trial, because Donawa's lost notes and case file would have challenged G.W.'s testimony and credibility. (Opp. at 4-5.) Plaintiff does not explain how these items would have undermined G.W.'s testimony or what the missing documents would have said. (*See id.*) Defendants withdrew their argument that plaintiff's fair trial claim is time barred, citing the Second Circuit's 2018 *Lanning* decision and the Supreme Court's 2019 *McDonough* decision, which both issued after defendants served their motion. (Defendants' July 23, 2019 Letter.) Defendants argue that these cases require plaintiff to have obtained a favorable termination to prevail on his fair trial claim. (*Id.*)

"The Second Circuit has recognized 'a constitutional right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigatory capacity' that is cognizable under the Fifth Amendment and § 1983." *Dufort v. City of New York*, 874 F.3d

338, 354 (2d Cir. 2017) (citing *Zahrey v. Coffey*, 221 F.3d 342, 344 (2d Cir. 2000)). The Circuit "ha[s] also recognized that a defendant has a cognizable right to a fair trial, and may sue for damages under § 1983 for *Brady* violations that lead to a distorted evidentiary record being presented to the jury." *Id.* at 354–55. But "[m]ere attempts to withhold or falsify evidence cannot form the basis for a § 1983 claim for a violation of the right to due process when those attempts have no impact on the conduct of a criminal trial." *Id.* at 355.

The Supreme Court has held that a plaintiff "[cannot] bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution[,]" at which time the claim accrues. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019). The Court further noted that the fabricated-evidence claim was analogous to a malicious prosecution claim, and that *Heck* "explains why favorable termination is both relevant and required for a claim analogous to malicious prosecution that would impugn a conviction[.]" *Id.* at 2160.

As explained above, plaintiff has not received a favorable termination under Second Circuit case law and, therefore, cannot maintain a § 1983 action for an unfair trial. In any case, the trial court held a *Brady* hearing on plaintiff's motion *in limine* regarding Donawa's files before the trial began and granted an adverse inference charge. Plaintiff did not

11

dispute this fact.  The trial court's adverse inference ruling thus ensured that any withheld or falsified information did not affect the trial, and plaintiff did not suffer from a *Brady* violation.

The court grants defendants' motion for summary judgment on the unfair trial claim.

## CONCLUSION

For the foregoing reasons, the court grants defendants' motion for summary judgment.  The Clerk of Court is respectfully directed to enter judgment in favor of the defendants, serve the plaintiff with a copy of this Memorandum and Order and the judgment, note service on the docket, and close the case.

**SO ORDERED.**

Dated:     September 19, 2019
           Brooklyn, New York

/s/
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York
